UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANCIS SMYTHE,

        Plaintiff,

  -against-            9:13-cv-1288 (LEK/ATB)

JOHN BISH, *et al.*,

        Defendants.

**DECISION and ORDER**

**I. INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on April 1, 2016, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 72 ("Report-Recommendation"). *Pro se* Plaintiff Francis Smythe ("Plaintiff") timely filed Objections. Dkt. No. 77 ("Objections").[1]

**II. LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid

---

[1] Plaintiff was originally given until April 18, 2016 to respond to the Report-Recommendation. Rep.-Rec. On April 13, 2016, Plaintiffs filed a Letter Motion requesting an extension of time in which to file objections. Dkt. No. 74. This request was granted by the Court on April 15, 2016, and Plaintiff's time to file objections was extended to May 18, 2016. Dkt. No. 75. Plaintiff filed his Objections on May 16, 2016. Objs.

v. Bouey, 554 F. Supp. 2d 301, 306-07 & 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).

## III. DISCUSSION

Plaintiff's Objections span nearly forty pages, and he makes numerous individual objections to the Report-Recommendation. Liberally construed, Plaintiff objects on the grounds that: (1) Plaintiff's right to due process was indeed violated based on the facts; (2) alternatively, there are not enough facts in the record to determine that Plaintiff's right to due process was not violated; (3) Defendants wrongfully claimed that Plaintiff's Exhibits not be considered at the motion to dismiss stage; (4) the Report-Recommendation failed to use the "no set of facts" standard on a motion to dismiss; (5) the Report-Recommendation improperly relied on the Article 78 proceeding to claim that due process was satisfied; (6) the Report-Recommendation "fail[ed] to elaborate on the issues the Plaintiff raised pertaining to" the events surrounding the hearings; (7) the Article 78 proceeding was an avenue for exhaustion as opposed to a separate action for purposes of preclusion and Rooker-Feldman; (8) Rooker-Feldman and preclusion are distinct doctrines; (9) the Report-Recommendation erred in invoking collateral estoppel since no copy of the transcripts from the Article 78 had been filed and thus it was impossible to know whether Plaintiff had a "full and fair"

opportunity to litigate those matters; (10) Rooker-Feldman does not apply in this case because the state court judgment is not at issue; (11) the use of collateral estoppel is disfavored and should be rejected; (12) misconduct by his counsel in the Article 78 proceeding prevented that determination from being valid; (13) more broadly, the Article 78 hearing was improperly decided; (14) a § 1983 action cannot be dismissed once a constitutional violation occurs absent qualified immunity; (15) the mail watch order was never produced in the Article 78, and thus no "full and fair" determination was made regarding the mail watch order; (16) Plaintiff never claimed that he wrote the letter that formed the basis of MBR-2 as stated in the Report-Recommendation; (17) none of Plaintiff's letters specifically mention Bish; (18) the temporal proximity of MBR-2 to the seizure of his letters is sufficient to preclude dismissal; (19) the Court "previously stated that a claim was stated" with regards to his conspiracy claim; (20) the attached exhibits "plainly show" that eight separate conspiracies existed; and (21) discoverable administrative records would demonstrate the existence of a conspiracy, as there would be specific records of meetings in furtherance of the conspiracy and the invalidity of the mail watch order. Objs.

Plaintiff is advised that his due process claims were dismissed on preclusion and jurisdictional grounds. Rep.-Rec. at 14-21. As a result, Plaintiff's first and second objections regarding the merits of his due process claim, which are discussed by Plaintiff exhaustively in various contexts, are not grounds for declining to follow the Report-Recommendation. Similarly, while Plaintiff is correct in his third objection that the Exhibits attached to the Complaint can be considered when ruling on the Motions to dismiss, Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007), the Exhibits are relevant to the ultimate question of whether Plaintiff's due process was violated, which the Report-Recommendation does not reach. Plaintiff's fifth and sixth objections

3

also concern the facts surrounding the alleged due process violations and thus would not change the outcome of the Report-Recommendation even if the Court were to find that they were true.

Plaintiff cites Conley v. Gibson, 355 U.S. 41 (1957), among other cases, in support of the usage of the "no set of facts" standard on a motion to dismiss. Objs. at 6-7. However, the "no set of facts" standard used in each case that Plaintiff cites, including Conley, has been replaced by a facts-based standard outlined in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiff's fourth objection is therefore without merit.

Plaintiff's seventh objection, that an Article 78 proceeding does not count for preclusion or Rooker-Feldman purposes, is contrary to established precedent in this Circuit. An Article 78 proceeding is a prior proceeding for purposes of collateral estoppel. Giakoumelos v. Coughlin, 88 F.3d 56, 59 (2d Cir. 1996). Rooker-Feldman also applies to Article 78 proceedings. Vargas v. City of New York, 377 F.3d 200, 205 (2d Cir. 2005). Furthermore, while Article 78 proceedings can be implicated in determining whether Plaintiff was afforded due process, they are not themselves required in order for a plaintiff in a § 1983 suit to exhaust his state law remedies. Lawrence v. Antonucci, 144 F. App'x 193, 194 (2d Cir. 2005) (summary order).

Plaintiff's eighth objection, that preclusion and Rooker-Feldman are distinct doctrines, is factually correct. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005) (noting that courts had previously improperly used Rooker-Feldman to "supersed[e] the ordinary application of preclusion law"). However, the Report-Recommendation correctly treated preclusion and Rooker-Feldman as distinct doctrines and analyzed the instant action separately under each. Rep.-Rec. at 14-21.

Plaintiff also states that the Report-Recommendation could not find that a full and fair

4

opportunity existed to litigate matters in the Article 78 proceeding due to the lack of transcripts filed in the instant action and the fact that the mail watch order itself was never produced. Objs. at 23, 33. However, "Plaintiff has the burden of proof that he was not given a full and fair opportunity to litigate the issue." Ennis v. Davies, No. 87-CV-1465, 1990 WL 121527, at *2 (S.D.N.Y. Aug. 15, 1990) (citing Ryan v. N.Y. Telephone Co., 62 N.Y.2d 494 (1984)). When a court has sufficient documentation to show that issues were actually raised and decided, such as briefs from the prior case, a lack of transcripts is not a sufficient reason to determine that a full and fair opportunity was not afforded. See Hudson v. Evans, No. 93-CV-6398, 1994 WL 263525, at *3-4 (S.D.N.Y. June 13, 1994) (holding trial transcripts unnecessary to determine that the plaintiff had a full and fair opportunity due to access to pretrial rulings and briefs on appeal). As the Report-Recommendation relies on the Article 78 briefs and decision to establish the arguments raised by Plaintiff in the Article 78, including his challenges to the mail watch order, Rep.-Rec. at 13-14, the Court finds Plaintiff's ninth and fifteenth objections without merit.

Plaintiff cites dicta from one Utah state court case indicating that collateral estoppel is disfavored. Objs. at 23; see also Gudmundson v. Del Ozone, 2010 UT 33, 232 P.3d 1059, 1068 (Utah 2010) (noting that the application of collateral estoppel "may be unwarranted in circumstances where its purposes would not be served"). However, Plaintiff overlooks the fact that the Utah Supreme Court declined to use collateral estoppel because of the special circumstances surrounding worker's compensation. Gundmundson, 232 P.3d at 1068-69. In fact, the Utah Supreme Court recognized that, absent such special circumstances, collateral estoppel is favored for other reasons. Id. at 1069 ("Typically, courts favor the use of defensive collateral estoppel because it . . . accomplishes the general purposes of collateral estoppel: increased judicial efficiency,

5

prevention of inconsistent judicial outcomes, and protection of litigants from vexatious lawsuits." (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329-30 (1979))). Since no worker's compensation–like scheme exists in this case, the Court finds Plaintiff's eleventh objection without merit.

Plaintiff's fourteenth objection, that a meritorious § 1983 suit cannot be dismissed for any reason other than qualified immunity, is factually incorrect, as principles of preclusion have been held to bar plaintiffs from recovery. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 85 (1984) ("Section 1983, however, does not override state preclusion law and guarantee [a plaintiff] a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims."); see also, e.g., Aron v. Becker, 48 F. Supp. 3d 347, 366-67 (N.D.N.Y. 2014) (Eleventh Amendment immunity); Andolina v. Kenny, No. 09-CV-379, 2010 WL 786302 (N.D.N.Y. Mar. 3, 2010) (statute of limitations); Miner v. Goord, 646 F. Supp. 2d 319, 324 (N.D.N.Y. 2009) (standing).

Upon reviewing Plaintiff's contention that he never claimed to have written the letters forming the basis of MBR-2, the Court finds that Plaintiff is technically correct. Dkt. No. 38-1 ("Exhibits") at 177. However, in the same hearing transcript, Plaintiff alternatively explains certain portions of his letter as an inside joke with his niece. Id. at 174-76. Further examination of the transcript indicates that Plaintiff does not contest that a reasonable person could interpret the letters as evidence of the charges in MBR-2. Id. at 175 (conceding that the hearing officer could understand the prison staff's interpretation of the letter but objecting on the basis of "embellishing things"). The Report-Recommendation correctly points out that a defendant motivated by both proper and improper reasons cannot be liable for retaliation. Rep.-Rec. at 26; see also Graham v.

6

Henderson, 89 F.3d 75, 79 (2d Cir. 1996); Encarnacion v. Silverberg, No. 13-CV-1000, 2015 WL 5604769, at *6 (N.D.N.Y. Sept. 23, 2015).  Plaintiff's contention that he did not mention Bish by name in his correspondence is therefore similarly academic.  Under the standard outlined in Graham, Defendants merely need to show that they would have taken the same action in the absence of the protected conduct.  Even in the absence of a specific mention of Bish in his correspondence, Plaintiff was charged not only with extortion but also solicitation.  Dkt. No. 38-2 ("Exhibits Part 2") at 132;  Rep.-Rec. at 25.  Even if the Court assumes that the lack of Bish's name in his correspondence renders the extortion charge invalid, Plaintiff was still found guilty on the basis of his letter to his niece regarding the "popcorn trick," which did not involve Bish in any way.  Exs. at 214.  Plaintiff's sixteenth and seventeenth objections are therefore without merit.

     Plaintiff is correct that temporal proximity can preclude dismissal of a retaliation action. Washington v. Donahue, No. 11-CV-6176L, 2015 WL 7731457, at *2 (W.D.N.Y. Nov. 30, 2015). However, Plaintiff must allege that the officers in question knew of Plaintiff's protected conduct and must either provide evidence that the misbehavior reports were unfounded or that Plaintiff had an otherwise clean disciplinary record.  Bennett v. Goord, 343 F.3d 133, 139; see also Faulk v. Fisher, 545 F. App'x 56, 58 (affirming grant of summary judgment where no evidence was put forth that the defendants were aware of the plaintiff's protected conduct).  Even if the Court assumes that the officers were aware of Plaintiff's pending suit, Plaintiff has not alleged that he had an otherwise clean disciplinary record, and MBR-1 demonstrates otherwise.  While Plaintiff challenges the validity of both MBR-1 and MBR-2, both have been upheld in later proceedings.  As a result, Plaintiff cannot use temporal proximity alone to sustain his retaliation claims, and Plaintiff's eighteenth objection is without merit.

In claiming that the Court previously stated that Plaintiff had stated a claim for conspiracy, Objs. at 34, Plaintiff presumably relies on the Court's August 20, 2015 Order reviewing his Second Amended Complaint. Dkt. No. 37 ("August Order"). However, the Court specifically expressed "no opinion as to whether Plaintiff's [conspiracy] claims can withstand a properly filed motion to dismiss." Id. at 11. Plaintiff's nineteenth objection is therefore incorrect.

Plaintiff's twentieth and twenty-first objections challenge the dismissal of his conspiracy claims, noting that several conspiracies are apparent on the face of the Second Amended Complaint and that discoverable material will further substantiate these claims. Objs. at 34-36. The Court is mindful of the fact that plaintiffs often do not have sufficient access to records that may substantiate their claims. However, Plaintiff, in his Objections, merely names events that may have happened without following the requirement in Warren v. Fischl to "make an effort to provide some details of time and place." 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999). Indeed, Plaintiff's restatement of his claims is in large part "conclusory, vague, and general." Ciambrello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002). Plaintiff, assuming that the Report-Recommendation has misapplied the law to the facts at issue, lists several events noted in the Second Amended Complaint without any attempt to further place them in time or in location. Objs. at 35-36. These events primarily allege a conspiracy between Bish and Wise, who the Report-Recommendation notes were not alleged to have met at any point in the Second Amended Complaint. Rep.-Rec. at 28. Furthermore, an agreement actionable under a § 1983 conspiracy theory must be an agreement "to inflict an unconstitutional injury," and not merely to act in concert. Gillard v. Rovelli, No. 12-CV-83, 2013 WL 5503317, at *13 (N.D.N.Y. Sept. 30, 2013) (Kahn, J.); Warren, 33 F. Supp. 2d at 177. As Plaintiff puts forward no facts indicating that Bish intended to violate Plaintiff's constitutional

8

rights, Plaintiff's Objections are insufficient to revive his conspiracy claims.

This leaves Plaintiff's tenth objection, that Rooker-Feldman does not apply in this case because the state court judgment is not at issue. The only two claims dismissed solely on Rooker-Feldman grounds are the claims regarding McLoughlin's assistance and the refusal to call McLoughlin as a witness. Rep.-Rec. at 15. As stated in the Report-Recommendation, the four-part test for determining whether Rooker-Feldman applies is as follows: "(1) the federal court plaintiff lost in state court; (2) plaintiff complains of injuries flowing from the state court judgment; (3) the action invites the district court to review and reject the state court judgment; and (4) the state court judgment was rendered prior to commencement of the federal court proceedings." Id. at 19 (citing Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)). Rooker-Feldman "does not deprive a district court of subject-matter jurisdiction 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" Hoblock, 422 F.3d at 86 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005)). In fact, even if the federal suit "denies a legal conclusion that a state court has reached in a case to which he was a party," Rooker-Feldman may still be avoided if the claim is independent. Exxon Mobil, 544 U.S. at 293 (quoting GASH Assocs. v. Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)).

The Second Circuit provides an instructive example of the scope of the second and third prongs of Rooker-Feldman in Hoblock:

> Suppose a plaintiff sues his employer in state court for violating both state anti-discrimination law and Title VII and loses. If the plaintiff them brings the same suit in federal court, he will be seeking a decision from the federal court that denies the state court's conclusion that the employer is liable, but he will not be alleging injury from the state judgment. Instead, he will be alleging injury based on the employer's discrimination. The fact that the state court chose not to remedy the

9

> injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by Rooker-Feldman, of the state-court judgment.[2]

422 F.3d at 87-88. The situation in the instant case is almost identical. Plaintiff's claims do not complain of injuries inflicted by the Article 78; instead, Plaintiff's non-precluded causes of action arise from MBR-1, MBR-2, and the grievance procedures associated with each. While the availability of an Article 78 proceeding can be at issue in a due process claim, Lawrence, 144 F. App'x at 194, Plaintiff's claims challenge the circumstances surrounding his pre-deprivation hearing and thus fall under the hypothetical put forth in Hoblock. The Court therefore finds that the adequate assistance and failure to call as witness claims regarding McLoughlin fall outside the narrow boundaries of Rooker-Feldman and cannot be dismissed on those grounds.

Plaintiff's twelfth and thirteenth objections, which argue that the Article 78 proceeding was invalid and may invite direct review of the Article 78 when liberally construed, do not defeat this finding. First, Plaintiff does not allege in the Second Amended Complaint that the Article 78 caused these deprivations of due process to occur. Second, it is unclear from Plaintiff's Objections which claims he wishes to bolster with these objections, and given that *pro se* papers are to be construed liberally, the Court does not find a sufficient link to the due process claims that would merit their dismissal. Finally, it would be procedurally unfair for the Court to allow *pro se* plaintiffs to argue themselves out of court merely by invoking an argument in response to a report-recommendation when their claims are otherwise not barred.

The Report-Recommendation correctly notes that the respondents in the Article 78 only

---

[2] "The subsequent federal suit could, of course, be barred by ordinary preclusion principles." Hoblock, 422 F.3d at 88 n.6. In the instant case, as explained by the Report-Recommendation, the two claims at issue here are not barred by either issue or claim preclusion. Rep.-Rec. at 15.

raised a failure to preserve argument with respect to Plaintiff's claim that McLoughlin was not called as a witness. Rep.-Rec. at 15 n.11. Indeed, the Report-Recommendation indicates that the pre-hearing assistance claim against McLoughlin was likely decided on the merits. Id. The Court, however, declines to dismiss this claim on collateral estoppel grounds, as this does not constitute sufficient evidence to make it "'quite clear' that the Appellate Division decided the issue." Id. at 14 (quoting Lyons v. Lancer Ins. Co., No. 07-CV-7095, 2008 WL 4525542, at *4 (S.D.N.Y. Sept. 30, 2008)).

As Defendants, in their Motions to dismiss, do not raise any arguments in favor of dismissing these two due process claims other than collateral estoppel and Rooker-Feldman, these claims are not dismissed. The Court has further reviewed the Report-Recommendation for clear error and has found none. Accordingly, Plaintiff's claims, except his due process claims that McLoughlin failed to adequately assist him before his hearing and that McLoughlin was not called as a witness, are all dismissed.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 9) is **APPROVED and ADOPTED as MODIFIED**; and it is further

**ORDERED**, that Defendant Wise's Motion (Dkt. No. 63) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Defendants McLoughlin, Wolczyk, Robinson, Amodeo, Prack, Venettozzi, and Fischer's Motion (Dkt. Nos. 51) to dismiss is **GRANTED in part and DENIED in part**; and it is further

11

**ORDERED**, that Plaintiff's due process claims against Prack, Fischer, Graham, Robinson, Vennettozzi, as well as claims involving Wolczyk's failure to disclose confidential information regarding MBR-1, Wolczyk's lack of evidence to support his disciplinary determinations in MBR-1, Wolczyk's failure to call Bish as a witness, and McLoughlin's involvement in MBR-2 are **DISMISSED** for failure to state a claim as a matter of law; and it is further

**ORDERED**, that Plaintiff's mail watch, retaliation, and conspiracy claims are **DISMISSED** for failure to state a claim as a matter of law; and it is further

**ORDERED**, that Plaintiff's claim against McLoughlin for inadequate assistance in connection with MBR-1 and Plaintiff's claim against Wolczyk for failing to call McLoughlin as a witness survive Defendants' Motions to dismiss; and it is further

**ORDERED**, that Bish, Wise, Robinson, Graham, Amodeo, Prack, Vennettozzi, and Fischer are terminated as Defendants; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: July 01, 2016
           Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge