UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANCIS SMYTHE,

                Plaintiff,

-against-                          9:13-CV-1288 (LEK/ATB)

JOHN BISH, *et al.*,

                Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following an Order and Report-Recommendation filed on May 16, 2017, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Dkt. No. 105 ("Report-Recommendation"). Pro se plaintiff Francis Smythe filed Objections. Dkt. No. 106 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), overruled on other grounds by Widomski v. State Univ. of N.Y. (SUNY) at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y.

Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III. DISCUSSION

Smythe makes one specific objection to the Report-Recommendation: Judge Baxter improperly shifted the burden of proof onto Smythe in finding that any mistakes made by Defendant McLoughlin were harmless. Objs. at 7. Smythe claims that Judge Baxter "acknowledge[d] that Defendant McLoughlin lied about interviewing Bish," id., but that is false. In his Report-Recommendation, Judge Baxter explicitly declined to decide whether McLoughlin lied. Rep.-Rec. at 8. Instead, Judge Baxter found that even if McLoughlin had lied and provided inadequate assistance, these errors were harmless because of the "subsequent efforts to find Mr. Bish by hearing officer Wolczyk," id. at 12, and because the hearing officer attempted to obtain all of the witnesses Smythe requested, id. at 10. As Judge Baxter correctly applied the harmless error doctrine here, Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009), Smythe's claim that a finding of harmless error improperly shifts the burden of proof onto him lacks merit.

The Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 105) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 93) is **GRANTED**, and Plaintiff's second amended complaint (Dkt. No. 38) is **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 30, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge